UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN JOHN GALLARDO,<br><br>Defendant. | Case No. 1:22-CR-00076-DCN<br><br>**REPORT AND<br>RECOMMENDATION** |

On July 26, 2022, Defendant STEPHEN JOHN GALLARDO appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. The Defendant executed a waiver of the right to have the presiding United States District Judge take his change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Indictment (Dkt. 1), the maximum penalties applicable, his Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds there is a factual basis for the Defendant's guilty plea, that he entered it voluntarily and with full knowledge of the

REPORT AND RECOMMENDATION - 1

consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States Probation Office.

Because the offense to which Defendant entered his guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

In this case, the Government filed a motion for detention. (Dkt. 7.) On May 20, 2022, the Court held a detention hearing and entered an order setting conditions of release. (Dkt. 13, 14.) The Government opposes continued release pending sentencing. However, the Government has not provided any information or reason to believe Defendant is at an enhanced risk of flight or danger to the community at this time.

Defendant been compliant with the conditions of his pretrial release, with the exception of one positive drug test taken during his intake process on the date Defendant was released. Since that time, Defendant has maintained contact with the pretrial services officers and has continued to test negative for controlled substances. (Dkt. 26.) Defendant is attending substance abuse treatment and probation reports he is doing well. Defendant has a stable residence and employment, ties to the community, and pays child support.

Upon consideration of the totality of the circumstances presented in this case,

including the stringent conditions of release and Defendant's ongoing substance abuse treatment, and upon finding Defendant is exceptionally unlikely to flee or cause a danger to the community if release is continued, the Court recommends release be continued. The Court finds that exceptional reasons have been clearly shown by Defendant that detention pending imposition of sentencing would not be appropriate.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) The District Court accept Defendant STEPHEN JOHN GALLARDO's plea of guilty to Count One of the Indictment (Dkt. 1).

2) The District Court order forfeiture consistent with Defendant STEPHEN JOHN GALLARDO's admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 1) and the Plea Agreement.

3) The District Court **GRANT**, at the appropriate time, the United States' motion to dismiss Counts Two, Three, and Four of the Indictment (Dkt. 1) as to Defendant.

4) The District Court continue Defendant's release pending sentencing, subject to the standard and additional conditions of release previously imposed in the Order Setting Conditions of Release. (Dkt. 14.)

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: July 26, 2022

DEBORA K. GRASHAM
U.S. MAGISTRATE JUDGE